IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' SUPPLEMENTAL PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' RETIREE WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, CENTRAL LABORERS' ANNUITY PREMIUM FUND, ILLINOIS LABORERS' AND CONTRACTORS' JOINT APPRENTICESHIP & TRAINING PROGRAM, NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND, CENTRAL ILLINOIS LABORERS'-EMPLOYERS' COOPERATIVE EDUCATION TRUST, NORTH CENTRAL ILLINOIS LABORERS'-EMPLOYERS' COOPERATIVE EDUCATION TRUST, NORTH CENTRAL ILLINOIS MIDWEST REGIONAL ORGANIZING COMMITTEE, NORTH CENTRAL ILLINOIS MARKET PRESERVATION FUND, LABORERS' OF ILLINOIS VACATION FUND, SOUTHERN AND CENTRAL VACATION FUND, CENTRAL ILLINOIS LEGAL SERVICES FUND, SUBSTANCE ABUSE TESTING FUND, LABORERS' LOCAL 362, and LABORERS' LOCAL 538,<br><br>Plaintiffs,<br><br>v.<br><br>AEH CONSTRUCTION, INC., and MID-WEST ILLINOIS CONCRETE CONSTRUCTION, INC.,<br><br>Defendants. | No. 14-3052 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiffs' Combined Motion and Memorandum to Certify the Order of Default Judgment (d/e 42) pursuant to Federal Rule of Civil Procedure 54(b).  The Motion is GRANTED.  Certification is appropriate under Rule 54(b).  Moreover, although Plaintiffs did not file the motion within 30 days of the entry of the Order of Default Judgment, this is one of the rare occasions where the application of the 30-day limitation should be abrogated in the interest of justice.

## I. BACKGROUND

In February 2014, Plaintiffs filed a lawsuit against AEH Construction, Inc. (AEH) and Mid-West Illinois Concrete Construction, Inc. (Mid-West) under the Employee Retirement Income Security Act of 1974 (ERISA).  The lawsuit pertains to AEH's alleged failure to pay certain contributions on behalf of employees who are members of the union and participants in Plaintiffs' employee benefit funds.  See Complaint (d/e 1).  In Count I, Plaintiffs allege that AEH owes audit liabilities, delinquent contributions, report form shortages, liquidated damages and audit costs in the amount of $22,001.16.  Count II alleges that Mid-West,

as the successor company to AEH, is liable for the delinquent contributions and costs owed by AEH.

On May 5, 2014, United States Magistrate Judge Tom Schanzle-Haskins entered an Order of Default Judgment against AEH only.  See Order (d/e 12).  On June 20, 2014, this Court entered an Order of Default Judgment against AEH.  See Order (d/e 22).

Since then, the case has proceeded solely against Mid-West. In October 2014, counsel for Plaintiffs advised the Court that settlement negotiations were ongoing.  See October 16, 2014 Minute Entry; see also Combined Mot. to Certify at 5 (noting that settlement negotiations were first broached in March 2014).  In January 2015, Plaintiffs filed a Motion to Enforce Settlement (d/e 23), which the Court ultimately denied (d/e 30).

On May 1, 2015, a Citation to Discover Assets directed to Thomas Hensley, President of AEH, was issued (d/e 32).  On May 29, 2015, Magistrate Judge Schanzle-Haskins[1] held a Citation to Discover Assets hearing.  Mr. Hensley appeared.  At the conclusion

---

[1] On July 23, 2015, Judge Schanzle-Haskins recused himself from participation in this matter. The case is now assigned to Magistrate Judge Jonathan Hawley.

of the hearing, Judge Schanzle-Haskins continued the citation generally to allow Mr. Hensley time to produce further documentation.

On July 13, 2015, Plaintiffs filed a Combined Motion and Memorandum to Avoid Fraudulent Transfers Pursuant to 740 ILCS 160/6(b) (d/e 38).  Upon review of the Motion, this Court entered a Text Order questioning whether Plaintiffs could pursue proceedings in aid of execution of a judgment where a final judgment had not been entered.  See August 4, 2015 Text Order.  The Court directed Plaintiffs to file a memorandum addressing whether the Court could proceed on the supplementary proceedings.  Id.

On August 17, 2015, Plaintiffs filed a Memorandum (d/e 41) addressing the issue identified in the Court's August 4, 2015 order.  Plaintiffs concluded that the Court would need to enter a Rule 54(b) certification prior to proceeding on the supplementary proceedings.

That same day, Plaintiffs filed the Combined Motion and Memorandum to Certify the Order of Default Judgment (d/e 42) pursuant to Rule 54(b) at issue herein.  Plaintiff served the Combined Motion on Mr. Hensley, president of AEH and counsel for Mid-West.  No responses have been filed.

## II. ANALYSIS

In the Combined Motion to Certify, Plaintiff asks the Court to find that there is no just reason for delay of an entry of judgment against AEH, certify the Order of Default Judgment pursuant to Rule 54(b), expressly direct the Clerk of the Court to enter a separate judgment against AEH, and award Plaintiffs such other and further relief as the Court deems just and equitable.

When an action involves more than one claim for relief or multiple parties, an adjudication of some but not all of the claims or parties is not immediately appealable or enforceable. See Brown v. Columbia Sussex Corp., 664 F.3d 182, 186 (7th Cir. 2011). However, Rule 54(b) of the Federal Rules of Civil Procedure permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" if the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

The United States Supreme Court in Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1 (1980), set forth a two-step analysis that district courts should use to review a request for Rule 54(b) certification. First, the court must determine whether the

ruling is a "final judgment"—that is, whether the ruling is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. at 8 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).

Second, the court must determine whether there is any just reason for delay. Curtiss-Wright, 446 U.S. at 8. In making that determination, the court must "take into account judicial administrative interests as well as the equities involved." Id., 446 U.S. at 8. The court considers federal policy against piecemeal appeals, whether the claims under review are separable from the remaining claims, and whether the nature of the claims is such that the appellate court would not have to decide the issue more than once if there were subsequent appeals. Id.

Both of these steps require that the Court consider "the factual relation between the issues that have been resolved and those that remain." Marseilles Hydro Power LLC v. Marseilles Land & Water Co., 518 F.3d 459, 464 (7th Cir. 2008). Moreover, Rule 54(b) should be used "only when the subjects of the partial judgment do not overlap with those remaining in the district court."

Lottie v. W. Am. Ins. Co. of Ohio Cas. Group of Ins. Cos., 408 F.3d 935, 938-39 (7th Cir. 2005).

In this case, the Order of Default Judgment finally and completely disposed of Plaintiffs' claim against AEH, leaving only Plaintiffs' claim against Mid-West. Therefore, the requirement that the order be "final" has been met. Marseilles, 518 F.3d at 463 (noting that Rule 54(b) "authorizes certification when everything having to do with a particular party is wrapped up" or when "certain claims have finally been resolved").

Moreover, after considering the factors articulated in Curtiss-Wright, the Court also finds no just reason for delay. Curtiss-Wright, 446 U.S. at 8 (factors considered include whether the claims are separable, the policy against piecemeal appeals, and the equities involved). Plaintiffs' claims against the two defendants are separable. Plaintiffs brought a claim for delinquent contributions against AEH based on the collective bargaining agreement signed by AEH and the fringe benefit compliance audit of AEH's payroll records. The Court, in the Order of Default Judgment, determined that AEH was liable to Plaintiffs in the total amount of $25,391.66 for the delinquent contributions and other costs.

In contrast, Plaintiffs' claim against Mid-West is premised on the theory of successor liability. Although Mid-West is not liable unless AEH is liable, Mid-West's liability also depends on facts that are not relevant to Plaintiffs' claim against AEH. See Sullivan v. Running Waters Irrigation, Inc., 739 F.3d 354, 357 (7th Cir. 2014) (a subsequent purchaser of a business may be held liable for delinquent pension fund contributions where the successor had notice of the claim before acquiring the business and there is a substantial continuity of operation before and after the sale).

Notably, Plaintiffs point out that, if Mid-West is held to be the successor company of AEH, other amounts may be due and owing. For example, Mid-West would owe Plaintiffs fringe benefit contributions for hours of work performed by AEH outside the audit period, as well as any hours of work performed by Mid-West prior to the company signing the applicable collective bargaining agreement. See Combined Mot. to Certify at 3-4 n. 1. However, the Court does not find these facts weigh in favor of denying certification. If AEH appeals this Court's judgment that AEH owes Plaintiff $25,391.66 in delinquent contributions and other costs, the Seventh Circuit would not have to revisit the same issue in a subsequent appeal by

Mid-West. Any appeal by Mid-West would center on whether Mid-West is a successor to AEH and any additional sums Mid-West might owe as a successor. See, e.g., Robbins v. B & B Lines, Inc., No. 84 C 4652, 1986 WL 5014, at *2 (N.D. Ill. Apr. 24, 1986) (granting Rule 54(b) certification on a final decision concerning the liability of one defendant where the liability of the remaining defendant was based on a theory of vicarious liability; the liability of the remaining defendant, while dependent on the liability of the first defendant, was also dependent on factual findings irrelevant to the claim against the first defendant). Therefore, the possibility of piecemeal appeals is minimal, if not non-existent.

In addition, equity supports granting final judgment at this time. In their Motion to Avoid Fraudulent Transfers (which was served on Mr. Hensley, AEH's president, and counsel for Mid-West), Plaintiffs allege that AEH made fraudulent transfers of $22,200 to an insider after Plaintiffs made a claim against AEH and after entry of the default judgment. See Combined Mot. to Avoid Fraudulent Transfers ¶ 26. Plaintiffs also allege that AEH has defaulted on multiple loans, opened a new checking account to wind-down corporate affairs, and effectively ceased operations. Id. ¶¶ 22, 23,

24.[2] If true, these allegations suggest that if Plaintiffs have to wait until the conclusion of the case against Mid-West to enforce their judgment, it is likely that AEH will not have any assets to satisfy the default judgment.  See Curtiss-Wright, 446 U.S. at 12 (finding that if the delay in entry of judgment would impair the plaintiff's ability to collect on the judgment, that factor weighs in favor of certification); Robbins, 1986 WL 5014, at *2 (granting Rule 54(b) certification where it was likely the defendant would dissipate assets while the plaintiffs waited for final resolution of their vicarious liability claim against another defendant).

Having found that Rule 54(b) certification is appropriate, the Court must also determine whether the request for Rule 54(b) certification was timely.  This Court entered the Order of Default Judgment on June 20, 2014.  Plaintiffs requested a Rule 54(b) certification over a year later on August 17, 2015.

The Seventh Circuit requires that a request for a Rule 54(b) certification be filed within 30 days of the entry of the adjudication to which it relates.  Schaeffer v. First Nat'l Bank of Lincolnwood,

---

[2] A search of the Illinois Secretary of State website reveals that AEH was involuntarily dissolved on August 8, 2014.  See http://www.ilsos.gov (last visited September 14, 2015).

465 F.2d 234, 236 (7th Cir. 1972) (finding, as a general rule, that it is an abuse of discretion for a district court to grant a motion for a Rule 54(b) order filed more than 30 days after entry of the adjudication to which it relates).  The rationale for that requirement is to limit abuse in the filing of Rule 54(b) motions and avoid a disparity between the timing requirements for filing a notice of appeal in the Rule 54(b) context and filing a notice of appeal at the conclusion of the entire case.  Id.  The Seventh Circuit recognized, however, that the interest of justice may excuse application of this 30-day rule in "cases of extreme hardship where dilatoriness is not occasioned by neglect or carelessness."  Id.[3]

This case presents one of the rare cases where the interest of justice would be served by not applying the 30-day rule.  Part of the delay is attributable to Plaintiffs' attempt to reach a settlement with Mid-West, which would have ended the entire litigation.  In

---

[3] The Seventh Circuit has not abrogated the holding of Schaeffer.  But see Bank of Lincolnwood v. Fed. Leasing, Inc., 622 F.2d 944, 951 (7th Cir. 1980) (although the case did not involve the issue of delay, the Court cited with approval a Tenth Circuit case where Rule 54(b) certification was entered ten months after the resolution of the claim against one defendant because of concerns about financial justice to the plaintiff in collecting the judgment) (citing United Bank of Pueblo v. Hartford Accident & Indem., 529 F.2d 490, 492-93 (10th Cir. 1976).  District courts have continued to apply the 30-day rule articulated in Schaeffer.  See United States v. Smith, 186 F.R.D. 505,  506 (N.D. Ind. 1999); AutoZone, Inc. v. Strick, No. 03 C 8152, 2007 WL 683992, at *2 (N.D. Ill. Mar. 1, 2007).

addition, it appears that Plaintiffs learned, during the Citation to Discover Assets hearing, that AEH made certain transfers that Plaintiffs believe are fraudulent. See Combined Mot. to Avoid Fraudulent Transfers (d/e 38). As such, the Court finds the delay was not occasioned by neglect or carelessness, but by cautious and deliberate advocacy. See, e.g., Iowa Physicians Clinic Med. Found. v. Physicians' Ins. Co. of Wis., No. 07-4012, 2008 WL 268758, at *2 (C.D. Ill. Jan. 29, 2008) (wherein the delay was "necessitated by the unique relationship" between the claims against separate defendants which necessitated joint decisions and strategy). In light of the possibility that AEH may be dissipating its assets, the interest of justice would be served by not applying the 30-day rule.

### III. CONCLUSION

For the reasons stated, the Combined Motion and Memorandum to Certify the Order of Default Judgment (d/e 42) is GRANTED, and the Court enters the following final judgment order:

**This Court having previously entered an Order of Default Judgment in favor of Plaintiffs and against Defendant AEH Construction, Inc., hereby amends its Order of Default**

**Judgment dated June 20, 2014 (d/e 22) and finds, adjudges, and orders as follows:**

**A. Judgment is entered <u>nunc pro tunc</u> in favor of Plaintiffs and against Defendant AEH Construction, Inc. in the total amount of $25,391.66 (consisting of audit liabilities, delinquent contributions, report form shortages, liquidated damages, and audit costs in the amount of $22,001.16; reasonable attorney's fees in the amount of $2,953.50; and costs in the amount of $437).**

**B. The Court expressly determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay in the entry of a final judgment on this order.**

**C. The Clerk is DIRECTED to enter final judgment <u>nunc pro tunc</u> in favor of Plaintiffs and against Defendant AEH Construction, Inc., in the amount noted above.**

**D. The case remains pending against Defendant Mid-West Illinois Concrete Construction, Inc.**

ENTERED: September 14, 2015

FOR THE COURT:

s/Sue E. Myerscough<br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE