IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTRAL LABORERS' PENSION FUND, CENTRAL )
LABORERS' SUPPLEMENTAL PENSION FUND, )
CENTRAL LABORERS' WELFARE FUND, CENTRAL )
LABORERS' RETIREE WELFARE FUND, CENTRAL )
LABORERS' ANNUITY FUND, CENTRAL )
LABORERS' ANNUITY PREMIUM FUND, ILLINOIS )
LABORERS' AND CONTRACTORS' JOINT )
APPRENTICESHIP & TRAINING PROGRAM, )
NORTH CENTRAL ILLINOIS LABORERS' )
HEALTH & WELFARE FUND, CENTRAL ILLINOIS )
LABORERS'-EMPLOYERS' COOPERATIVE )
EDUCATION TRUST, NORTH CENTRAL ILLINOIS )
LABORERS'-EMPLOYERS' COOPERATIVE )
EDUCATION TRUST, NORTH CENTRAL ILLINOIS )
MIDWEST REGIONAL ORGANIZING COMMITTEE, )
NORTH CENTRAL ILLINOIS MARKET )
PRESERVATION FUND, LABORERS' OF ILLINOIS )
VACATION FUND, SOUTHERN AND CENTRAL )
VACATION FUND, CENTRAL ILLINOIS LEGAL )
SERVICES FUND, SUBSTANCE ABUSE TESTING )
FUND, LABORERS' LOCAL 362, and LABORERS' )
LOCAL 538, )
 )
    Plaintiffs, )
 )
  v. ) No. 14-3052
 )
AEH CONSTRUCTION, INC., and MID-WEST )
ILLINOIS CONCRETE CONSTRUCTION, INC., )
 )
    Defendants. )

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Page **1** of **9**

This cause is before the Court on Plaintiffs' Combined Motion and Memorandum to Avoid Fraudulent Transfers pursuant to 740 ILCS 160/6(b) (d/e 38). On October 5, 2015, this Court held an evidentiary hearing on the Motion. Following the hearing, the Court took the matter under advisement. The Court now GRANTS the Motion.

## I. BACKGROUND

The background of this case is more fully set forth in this Court's September 17, 2015 Opinion (d/e 49). In sum, Plaintiffs filed a lawsuit against AEH Construction, Inc. (AEH) and Mid-West Illinois Concrete Construction, Inc. (Mid-West) under the Employee Retirement Income Security Act of 1974 (ERISA). The lawsuit pertains to AEH's alleged failure to pay certain contributions on behalf of employees who are members of the union and participants in Plaintiffs' employee benefit funds. See Complaint (d/e 1).

In June 2014, Plaintiffs obtained a default judgment against AEH. See Order of Default Judgment (d/e 22); see also Opinion (d/e 47) (amending June 20, 2014 Order of Default Judgment to include language that there was no just reason to delay in the entry of a final judgment on the Order of Default Judgment nunc pro

tunc).  In May 2015, a Citation to Discover Assets directed to Thomas Hensley, President of AEH, was issued (d/e 32).  On May 29, 2015, Magistrate Judge Schanzle-Haskins held a Citation to Discover Assets hearing.  Mr. Hensley appeared.  At the conclusion of the hearing, Judge Schanzle-Haskins continued the citation generally to allow Mr. Hensley time to produce further documentation.

On July 13, 2015, Plaintiffs filed the Combined Motion and Memorandum to Avoid Fraudulent Transfers Pursuant to 740 ILCS 160/6(b) (d/e 38) at issue herein.  In the Motion, Plaintiffs contend that AEH made fraudulent transfers to Mr. Hensley in the amount of $22,200 on July 14, 2014 and that those transfers should be avoided.

In an Opinion dated September 17, 2015, this Court found that Plaintiffs made a sufficient showing that AEH made fraudulent transfers to Mr. Hensley such that an evidentiary hearing must be set.  See Opinion (d/e 49).  On October 5, 2015, the Court held the evidentiary hearing.

At the hearing, Mr. Hensley testified that he was the sole shareholder of AEH since late 1900, early 2000.  Other evidence

shows Mr. Hensley was also a director and an officer of AEH.  See Combined Motion, Ex. D, Illinois Secretary of State Corporation File Detail Report.

Mr. Hensley testified that he made three loans to AEH and that promissory notes were prepared for each of the loans.  The first loan was made in November 2008 in the amount of $145,628.52 at 7% interest.  AEH agreed to repay the loan by making monthly payments of $2,820.60 per month to Mr. Hensley.  See Ex. 1, Loan Amortization.

The second loan was made on November 1, 2011 in the amount of $9,000 at 6% interest.  AEH agreed to repay the loan by making monthly payments of $398.89.  See Ex. 2, Loan Amortization.

The third loan was made in January 2012 in the amount of $190,000 at 6 percent interest.  AEH agreed to repay the loan by making monthly payments of $2,109.39.  See Ex. 3, Loan Amortization.

Mr. Hensley testified that AEH did not make all the monthly payments on the loans and none of the loans had been paid in full. In addition, as of March 20, 2012, AEH owed Mr. Hensley

$55,411.72 in unpaid principal on Loan 1, $7,573.79 in unpaid principal on Loan 2, and $188,313.66 in unpaid principal on Loan 3.  Although Mr. Hensley initially testified that AEH did not make any payments on the loans after March 20, 2012, he later clarified that there could have been two or three payments made after March 2012 and through the summer.  He did not receive any payments from AEH on any of the loans after December 2012 until July 2014.

In July 2014, Mr. Hensley received $22,200 from AEH for past due payments on the loans.  The source of the funds was restitution paid to AEH by AEH's former bookkeeper who had been convicted of embezzling from AEH.

Mr. Hensley testified that at some point,[1] Farmers & Mechanics Bank (F&M Bank) declared certain loans AEH had with the bank to be in default.  AEH and F&M entered into a workout settlement, which cured the default.  AEH was not in default on the loans it had with F&M Bank when it transferred $22,200 to Mr. Hensley in July 2014.  Mr. Hensley relied on legal counsel before

---

[1] Evidence submitted by Plaintiffs in support of their motion show that the default occurred in January 2013.  See Combined Motion, Ex. H.

he, in his capacity with AEH, transferred the $22,200 to himself as payment on the three loans.

According to Mr. Hensley, AEH ceased its core operation—general construction work—in October or November 2012. Through the winter, AEH continued to do snow plowing. At the end of January, beginning of February 2013, AEH opened an additional corporate checking account at Mid-West Bank of Western Illinois. AEH ceased operations in the first part of March 2013. The Illinois Secretary of State Corporation File Detail Report shows that AEH was involuntarily dissolved on August 8, 2014. See Combined Motion, Ex. D.

## II. ANALYSIS

The Uniform Fraudulent Transfer Act provides that certain transfers made by a debtor are fraudulent:

> A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

740 ILCS 160/6(b); see also, e.g., In re Kimmell, 480 B.R. 876, 885 (Bankr. N.D. Ill. 2012) (discussing fraudulent transfer provisions and noting that "[i]t is generally acceptable for a solvent individual

to give away his property as gifts to whomever he pleases. But where such an individual is insolvent, the true economic interest being given away is his creditors' not his own").

As noted above, this Court previously found that Plaintiffs made a sufficient showing that the transfers were fraudulent and set the matter for an evidentiary hearing. At that hearing, Mr. Hensley defended the transfers on essentially two grounds. First, Mr. Hensley asserted that AEH was not insolvent when the transfers were made. Second, even if the Court voids the transfers, AEH owes Mr. Hensley over $315,000. Because there is no evidence of other debt besides the debt owed to Plaintiffs, the majority of the transferred funds should still go to Mr. Hensley.

The Fraudulent Transfer Act defines the circumstances under which a debtor is considered insolvent, including the following:

> (a) A debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation.
>
> (b) A debtor who is generally not paying his debts as they become due is presumed to be insolvent.

740 ILCS 160/3(a), (b). The Act defines a debt as "liability on a claim." 740 ILCS 160/2(e). A claim is a "right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated,

fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 740 ILCS 160/2(c).

The evidence presented shows that prior to the July 2014 payments by AEH to Mr. Hensley, AEH had defaulted on multiple loans it had received from F&M Bank, which caused the bank to call the loans immediately due and payable. Although the default was cured by the workout agreement, AEH had not made any payments on the loans made by Mr. Hensley to AEH since at least the summer of 2012. Because AEH was not paying its debts to Mr. Hensley as they became due, AEH is presumed to have been insolvent when the July 2014 payments were made, and the presumption has not been rebutted.

The Court, however, agrees with Mr. Hensley that Plaintiffs may not be entitled to the entire $22,200. The parties have not briefed the issue of whether the Court can apportion the $22,200 between what appear to be the only two creditors of AEH. Therefore, the parties shall submit additional briefing on the proper remedy for the fraudulent transfer.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs' Combined Motion and Memorandum to Avoid Fraudulent Transfers Pursuant to 740 ILCS 160/6(b) (d/e 38) is GRANTED.  The Court finds the July 14, 2014 transfers from AEH to Mr. Hensley were fraudulent.  The parties shall submit supplemental briefing on the appropriate remedy for the fraudulent transfers.  Plaintiffs shall file their supplemental brief on or before October 21, 2015.  Mr. Hensley shall file his supplemental brief on or before October 29, 2015.

ENTERED:  October 13, 2015

FOR THE COURT:

                                                   s/Sue E. Myerscough
                                                 SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE